Ford    PROB 12C
(6/16)

Report Date: July 23, 2019

# United States District Court

**for the**

**Eastern District of Washington**

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 23, 2019

SEAN F. McAVOY, CLERK

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Fawn S. Ford      Case Number: 0980 2:19CR00034-TOR-3

Address of Offender: Uknown

Name of Sentencing Judicial Officer: The Honorable Thomas O. Rice, Chief U.S. District Judge

Date of Original Sentence: July 11, 2019

| | |
|---|---|
| Original Offense: | Escape, 18 U.S.C. § 751(a) |
| Original Sentence: | Probation - 48 months |
| Asst. U.S. Attorney: | Richard Barker |
| Defense Attorney: | Federal Defender's Office |

Type of Supervision: Probation

Date Supervision Commenced: July 11, 2019

Date Supervision Expires: July 10, 2023

## PETITIONING THE COURT

To issue a **warrant**.

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Special Condition # 4**: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances. |

**Supporting Evidence**: Ms. Ford is alleged to have violated special condition number 4 by using methamphetamine on or about July 12, 2019.

On July 12, 2019, Ms. Ford reported to the probation office after releasing from custody the day prior. A random urinalysis test was collected and the sample tested presumptive positive for methamphetamine. Ms. Ford strongly denied using methamphetamine. The sample was sent to Alere toxicology and the lab confirmed a positive result for methamphetamine.

On July 12, 2019, Ms. Ford signed her conditions relative to case number 2:19CR00034-TOR-3, acknowledging she understood her conditions of probation and was prohibited from using illicit drugs.

    2    **Standard Condition # 2**: After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when to report to the probation officer, and you must report to the probation officer as instructed.

Prob12C
**Re: Ford, Fawn S.**
**July 23, 2019**
**Page 2**

**Supporting Evidence**: On July 18, 2019, Ms. Ford failed to report to the probation office as directed.

On July 17, 2019, the undersigned contacted Ms. Ford by phone to advise that this officer would be meeting with her at her residence on the morning of July 18, 2019. She was also advised a urine sample would be collected.

On the morning of July 18, 2019, Ms. Ford informed the undersigned officer that she had traveled with her mother, the night prior, to see her grandfather in Cusick, Washington. She said she could stop by the probation office on their way through Spokane; she was directed to report to the office by the undersigned officer.

At 12:45 p.m., the undersigned officer contacted Ms. Ford by text message and she advised she would be headed to Spokane within the hour.

At approximately 4 p.m., the undersigned officer spoke with Ms. Ford's mother. She told the undersigned officer that Ms. Ford had neglected to inform her of her probation obligations, specifically being directed to report to the probation office. Ms. Ford's mother is her primary form of transportation, and if Ms. Ford would have communicated this information with her mother, she would have had Ms. Ford at the probation office.

On July 12, 2019, Ms. Ford signed her conditions relative to case number 2:19CR00034-TOR-3, acknowledging that she understood her conditions of probation to include reporting to the probation office as directed.

3    **Special Condition # 1**: You shall immediately enter into, and participate and successfully complete an intensive inpatient drug treatment program. You shall contribute to the cost of treatment according to your ability to pay and allow full reciprocal disclosure of information between your treatment provider and the U.S. Probation Office. If you leave the treatment facility, or are terminated from treatment, the treatment facility personnel shall immediately notify the U.S. Probation Officer. Following inpatient treatment, you shall participate in an aftercare, outpatient treatment program according to the direction of your Probation Officer.

**Supporting Evidence**: Ms. Ford is alleged to have violated special condition number 1 by failing to enter into inpatient treatment on July 19, 2019.

On July 17, 2019, Ms. Ford informed the undersigned officer she had secured a bed date for inpatient treatment at Northwest Indian Treatment Center (NWITC) in Elma, Washington, on July 19, 2019. The undersigned officer confirmed the bed date with NWITC staff on July 19, 2019. Staff also advised that if Ms. Ford was positive for any controlled substances, she would not be able to enter into inpatient treatment.

On July 20, 2019, the undersigned officer contacted NWITC to inquire if Ms Ford had arrived and staff advised that they had no one by Ms. Ford's name at their facility.

Prob12C
Re: Ford, Fawn S.
July 23, 2019
Page 3

After the telephone call with NWITC, the undersigned officer called Ms. Ford and she confirmed she was not at NWITC to begin inpatient treatment. She advised she "failed" her urinalysis test upon arrival. She further advised her urine test was positive for opiates and she admitted to heroin use on July 16, 2019.

On July 22, 2019, the undersigned officer received an email from staff at NWITC confirming that Ms. Ford had tested positive for opiates upon her arrival on July 19, 2019, and per their policy, clients need to provide a urine sample clear of opiates and alcohol upon admission, which she was aware of. Ms. Ford was not allowed to enter into inpatient treatment and was referred to a detox facility.

On July 12, 2019 Ms. Ford signed her conditions relative to case number 2:19CR00034-TOR-3, acknowledging that she understood her conditions of probation to include participating in inpatient treatment

4     **Special Condition # 4**: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

**Supporting Evidence:** Ms. Ford is alleged to have violated special condition number 4 by using heroin on or about July 16, 2019.

After learning Ms. Ford was not present at NWITC for inpatient treatment, the undersigned officer contacted her by telephone. Ms. Ford advised she was not allowed to enter into treatment due to providing a urinalysis test positive for opiates upon her arrival. She admitted to using heroin on Tuesday, July 16, 2019.

On July 12, 2019, Ms. Ford signed her conditions relative to case number 2:19CR00034-TOR-3, acknowledging that she understood her conditions of probation and was prohibited from using illicit drugs

5     **Standard Condition # 12**: You must follow the instructions of the probation officer related to the conditions of supervision.

**Standard Condition # 2**: After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when to report to the probation officer, and you must report to the probation officer as instructed.

**Supporting Evidence**: Ms. Ford is alleged to have violated her conditions of supervision by failing to contact the undersigned officer by phone as directed. In addition, Ms. Ford failed to report to the probation office on July 22 and 23, 2019.

On July 22, 2019, the undersigned officer spoke with Ms. Ford's mother to question the offender's whereabouts, as the undersigned had attempted to reach Ms. Ford on her cell phone. Her mother advised they had taken her phone away, and informed the undersigned that she was with her aunt at the Wellpinit Clinic. She further advised that Ms. Ford was then headed into Spokane. I advised that Ms. Ford needed to call this officer immediately

Prob12C
Re: Ford, Fawn S.
July 23, 2019
Page 4

and to report to the probation officer upon her arrival in Spokane. She agreed to relay the information to Ms. Ford via Ms. Ford's aunt.

At 4:30 p.m., the undersigned officer sent a text message to Ms. Ford's mother advising that she had yet to report to the probation office as directed. Another request was given to direct Ms. Ford to the probation office by 12 p.m. on July 23, 2019. It appeared she would give Ms. Ford that message.

On July 23, 2019, a voice mail was left on the landline phone at Ms. Ford's residence, instructing her to call this officer. The message has gone unanswered. An additional attempt to reach Ms. Ford on her cell phone was made, and it appears the phone has been shut off. At this present time Ms. Ford is not making herself available for supervision.

On July 23, 2019, the undersigned was informed by Ms. Ford's mother that she was able to relay all the messages to Ms. Ford provided by this officer. Furthermore, her mother advised Ms. Ford left the house this morning knowing she needed to contact this officer and report as directed. At the present time, Ms. Ford is not making herself available for supervision and her whereabouts are unknown.

The U.S. Probation Office respectfully recommends the Court issue a warrant requiring the offender to appear to answer to the allegation(s) contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:  07/23/2019

s/Corey M. McCain

Corey M. McCain
U.S. Probation Officer

THE COURT ORDERS

[ ]   No Action
[✓]   The Issuance of a Warrant
[ ]   The Issuance of a Summons
[ ]   Other

Thomas O. Rice
Chief U.S. District Judge
Signature of Judicial Officer

July 23, 2019
Date